NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**RONALD P. WICKWARE,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3033

---

Petition for review of the Merit Systems Protection Board in case no.DA-0752100220-I-1.

---

Decided: April 11, 2011

---

RONALD P. WICKWARE, of Hooks, Texas, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, BRYSON, and GAJARSA, *Circuit Judges*.

PER CURIAM.

This case arises from the Merit Systems Protection Board's ("Board") denial of Ronald P. Wickware's petition for review of the administrative judge's ("AJ") decision that found Mr. Wickware's appeal of his removal from his position as a sandblaster was untimely filed. The issue before the court is whether Mr. Wickware demonstrated good cause for the delay in filing his appeal. For the reasons discussed below, we *affirm* the Board's decision dismissing Mr. Wickware's petition.

## BACKGROUND

Mr. Wickware was employed as a Sandblaster with the Department of the Army ("agency") at the Red River Army Depot in Texarkana, Texas. The agency decided to remove Mr. Wickware from his position following two unexcused absences in breach of the Last Chance Agreement that he executed on January 21, 2009. Mr. Wickware received the agency's final decision notice on April 27, 2009. *Wickware v. Dep't of the Army*, DA-0752-10-0220-I-1, slip. op. at 2 (M.S.P.B. May 6, 2010) ("Initial Decision"). The agency's final decision notice advised Mr. Wickware that the effective date of his termination was May 7, 2009, and that he had "a right to appeal [the removal] to the [Board] within 30 days of the effective date." The final decision notice also provided the Board's address, the Board's website, which included instructions for filing the appeal, and contact information for an individual who would provide relevant information should Mr. Wickware choose to appeal.

Although the deadline for filing his appeal was June 8, 2009,[1] Mr. Wickware did not file his appeal until Janu-

---

[1] The Board's regulations require that an appeal be filed no later than 30 calendar days after the

ary 25, 2010—233 days past the filing deadline. *Initial Decision* at 3. On February 22, 2010, the AJ issued an Order on Timeliness, stating that "[t]here [wa]s a question whether this appeal was filed within the time period required by the Board's regulations." The AJ ordered Mr. Wickware to submit evidence and argument that his appeal was timely filed or that good cause existed for the delay. *Initial Decision* at 4. The petitioner has the burden of proving good cause by a preponderance of the evidence.[2] *See Shiflett v. U.S. Postal Serv.*, 839 F.2d 669, 672 (Fed. Cir. 1988); 5 C.F.R. § 1201.56(a)(2). To establish good cause, the petitioner must show that he exercised ordinary prudence or due diligence under the circumstances. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) (citation omitted).

Mr. Wickware submitted a sworn statement conceding the delay in filing and argued that good cause existed because: (1) he had tried without success to obtain documents for his appeal; (2) he was unaware that extension of the filing deadline was an option; and (3) he was unable to file on time because of circumstances in his personal life, including an ongoing divorce and custody dispute with his former wife, personal health issues, and the need

---

effective date of the action in question, or 30 days after the date an appellant receives the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b). Thirty days after Mr. Wickware's effective date of May 7, 2009, was Saturday, June 6, 2009. The Board's regulations extend the filing date to the next business day. *See* 5 C.F.R. § 1201.23. Therefore, Mr. Wickware's filing deadline was Monday, June 8, 2009.

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

to care for his ailing father. *Initial Decision* at 4. The AJ found that Mr. Wickware's "failure to follow [the] straightforward instructions" the Board provided for filing an appeal "constitute[d a] failure to exercise due diligence or ordinary prudence." *Id.* at 5 (citations omitted). Furthermore, Mr. Wickware's personal problems were insufficient on their own to justify a delay in filing. *Id.* at 6.

Mr. Wickware filed a petition for Board review of the AJ's initial decision. *Wickware v. Dep't of the Army*, DA-0752-10-0220-I-1, slip. op. at 1 (M.S.P.B. Sept. 30, 2010) ("Final Order"). The Board grants petitions for review when significant new evidence is presented that was not previously available or when the AJ made an error interpreting a law or regulation. *See* 5 C.F.R. § 1201.115. The Board denied Mr. Wickware's petition for review, finding that he did not present significant new evidence or demonstrate that the AJ's decision was free from legal error. *Final Order* at 3. The AJ's initial decision, as modified by the Board's final order, became final on September 30, 2010. *Id.* Mr. Wickware filed a timely appeal to this Court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

Our review of the Board's decisions is limited under 5 U.S.C. § 7703(c). The Board's holding must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

DISCUSSION

The sole issue in this appeal is whether the Board erred in finding that Mr. Wickware failed to prove good cause for his delay in filing his appeal. "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza*, 966 F.2d at 653. Here, it was well within the Board's discretion to decide that Mr. Wickware failed to meet his burden to prove good cause for the delay in filing his appeal.

The AJ found—and the Board confirmed—that Mr. Wickware's failure to follow the straightforward instructions for appeal that were provided in the final decision notice demonstrated a failure to exercise due diligence or ordinary prudence. *Initial Decision* at 5; *Final Decision* at 2. The agency's final decision notice provided Mr. Wickware with clear and straightforward information on his right to appeal to the Board. This information apprised Mr. Wickware of the correct address at which to file his appeal, the 30 day filing deadline, the relevant Board regulations, and the Board's website address. Mr. Wickware's failure to file a timely appeal in light of these instructions does not meet the standards of good cause. *See, e.g.*, *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) (affirming finding of no good cause where petitioner was "explicitly informed of the . . . deadline for filing a petition for review."); *Williams v. Office of Personnel Mgmt.*, 71 M.S.P.R. 597, 606 (1996) (finding appellant's failure to follow explicit filing instructions constitutes failure to exercise due diligence or ordinary prudence), *aff'd*, 119 F.3d 16 (Fed. Cir. 1997). Mr. Wickware's vague claims that he is still awaiting documents relevant to his appeal and was unaware that he could

request an extension of the time to appeal are also unavailing. *See Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982) (affirming Board's dismissal of untimely appeal where petitioner failed to provide evidence that he undertook any action to timely file an appeal or to obtain an extension); *Huskins v. U.S. Postal Serv.*, 100 M.S.P.R. 664, 667 (2006) (holding that a petitioner's inexperience with legal matters and unfamiliarity with Board procedures does not warrant waiver of the Board's deadlines).

Mr. Wickware also alleges that the Board failed to consider the circumstances surrounding his failure to timely appeal in full detail. The AJ, however, did consider Mr. Wickware's personal issues, including a contentious divorce and the need to care for his ailing father. Mr. Wickware did not explain how these personal difficulties prevented him from filing a timely appeal, and the Board has held that general references to family difficulties is not sufficient to justify a delay in filing. *See Gosey v. Smithsonian Inst.*, 85 M.S.P.R. 342, 344 (2000) (finding that a general reference to family difficulties or the need to care for a critically ill family member is not sufficient in itself to justify a delay in filing). Similarly, Mr. Wickware failed to submit any medical evidence demonstrating how his own health issues prevented him from meeting the filing deadline. *See Coleman v. U.S. Postal Serv.*, 91 M.S.P.R. 469, 472 (2002) (holding that a party must explain how the illness prevented him from timely filing his petition with the Board); *see also Mendoza*, 966 F.2d at 653 (finding that mere allegation of petitioner's status as "old and sickly" was insufficient to demonstrate good cause). Mr. Wickware presented no new evidence on this topic to the Board. Thus, dismissal of Mr. Wickware's appeal was not in error.

CONCLUSION

Accordingly, because Mr. Wickware's appeal was properly dismissed as untimely filed, we *affirm*.

COSTS

No Costs.